**HYMAN SPECTOR & MARS, LLP**
Attorneys for Defendant, UTi United States, Inc.
150 W. Flagler Street, Ste. 2701
Miami, Florida 33130
Tel: (305) 371-4244
Fax: (305) 371-5930
Attorney: Andrew R. Spector

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

BASLER SECURITAS VERSICHERUNGEN AG

                Plaintiff,
vs.                                                        CASE NO.: 07-CIV 6223 (WHP)

UTi, UNITED STATES , INC.,
PETERSEN TRUCKING, INC.
and PETERSEN TRANSPORT, INC.

                Defendant.
_____/

## UTI, UNITED STATES ANSWER, AFFIRMATIVE DEFENSE AND CROSS-CLAIM

      **COMES NOW**, the Defendant, UTi, United States, (hereinafter "UTi") by and through its undersigned attorneys, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and Cross-Claim and states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. UTi admits that it is a New York corporation; however, denies that it's principal place of business is in Melville, New York. UTi denies that it is a common carrier of goods by air. However, UTi admits that it provides services as an air freight forwarder/indirect air carrier.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Admitted.

5. Denied as to UTi. UTi denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 5 of the Complaint as to co-defendant.

6. Denied as to UTi. UTi denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 5 of the Complaint as to co-defendant.

7. Denied.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Denied.

10. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant, UTi, would show that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Plaintiff have failed to perform the conditions precedent necessary for the maintenance of this action.

### Third Affirmative Defense

Plaintiff has failed to mitigate damages and is therefore barred.

### Fourth Affirmative Defense

The Terms and Conditions of Service upon which UTi, operates expressly limits its liability to $50.00 per shipment as adopted by the National Customs Broker and Freight Forwarder Association of America and/or limiting liability absolves it from this claim, and/or to $9.07 per pound pursuant to the contract of carriage. Defendant further states that pursuant to the terms and conditions found on the reverse side of the subject air waybill and/or invoices, and/or signed powers of attorneys or credit agreement, that there are certain notices of claim requirements which have not been complied with by the Plaintiff.

Defendant, UTi, provided services according to and in reliance upon said Terms and Conditions with the knowledge, consent and acceptance of shipper and consignee in each instance.

Having performed said services to its full contractual obligation while relying upon said terms and conditions of service, Defendant is not liable with respect to any allegation of Plaintiff's Amended Complaint as alleged.

### Fifth Affirmative Defense

Defendant, UTi, would state that any loss or damage to the goods or other economic losses resulted from the acts or omissions of the carriers and/or warehousemen of the goods while said carriers and/or warehousemen were acting as agents for the shipper or consignee, for which acts or omissions Defendant, UTi, has no liability.

### Sixth Affirmative Defense

Defendant, UTi, would state that Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### Seventh Affirmative Defense

Defendant, UTi, states that Plaintiff has failed to join necessary and indispensable parties to this matter.

### Eighth Affirmative Defense

If the good(s) were damaged as alleged in the Complaint, which UTi expressly denies, the damage was caused by or due to insufficiency of packaging, or inadequacy of marks for which UTi is not liable pursuant to the applicable provisions of the airway bill(s), tariffs, contracts of affreightment, and / or other documents for transport issued for the carriage of the shipment or under the applicable provisions of any controlling statutes, conventions, and / or treaties.

### Ninth Affirmative Defense

The transportation out of which the subject matter of this action arose was "international transportation" within the meaning of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw Convention"), and the rights of the parties are subject to the provisions of the Warsaw Convention, 49 Stat. 3000, T.S. No. 876,137, L.N.T.S. 11 (1934), reprinted in note following 49 U.S.C.A. § 40105 (1997), as amended by the Montreal Protocol No. 4 to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929, reprinted in S. Exec. Rep., NO. 105-20 pp. 21-32 (1998), as amended by the Protocol done at the Hague of September 8, 1955 (hereinafter jointly referred to as the "Warsaw

Convention") and, as such, UTi claims the benefits of all exculpatory and liability limiting language as set forth therein.

### Tenth Affirmative Defense

UTi is entitled to all the benefits, protections, limitations and immunities contained in the applicable provisions of the airway bill(s), tariffs, contracts of affreightment, and / or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and / or treaties.

### Eleventh Affirmative Defense

The maximum liability of UTi, if any, is specifically limited as agreed to in the provisions of the airway bill(s), tariffs, contracts of affreightment, and / or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and / or treaties.  Defendant states that the damage sustained by Plaintiff, if any, resulted wholly and solely from the fault, neglect and want of care of Plaintiff or persons or parties other than Defendant, UTi, for whose acts said that Defendant is not liable or responsible and is not the result of any negligence, breach of contract, fault or want of care on the part of Defendant, UTi, who faithfully discharged all of its duties.

### Twelfth Affirmative Defense

Defendant, UTi, would show as a defense that Plaintiffs failed to provide, UTi, with the proper and timely written notice of the claim for the damages alleged and/or Plaintiff's Complaint was not timely filed; therefore, the Plaintiff's Complaint should be dismissed with the costs as Plaintiff's claim is barred by statutory limitations. Any loss and/ or damage of the shipment, which is expressly denied, occurred while the goods

5

were not in the possession of UTi and, therefore, the UTi is not responsible for any damages claimed.

### Thirteenth Affirmative Defense

Defendant asserts all defense under its contact with the shipper and/or consignee including but not limited to limitations of liability, notice of claim, force majure.

### Fourteenth Affirmative Defense

Defendant asserts all defenses under the 1999 Montreal Convention. To the extent that UTi is found liable, which liability is expressly denied, UTi's liability cannot exceed the shipper's declared value for carriage as stated in the applicable airway bill(s) tariffs, contracts of affreightment, and / or other documents of transport issued for carriage of the shipment and, in the absence of such a declaration, UTi's liability cannot exceed 17 SDR's per kilo, or 20 per kilogram, or its equivalent per kilogram of goods destroyed, lost, damaged, and / or confiscated pursuant to the contract of carriage.

### Fifteenth Affirmative Defense

The shipment described in the Complaint was received, carried and delivered subject to the terms, conditions and exceptions of the Convention for the Unification of Certain Rules Relating to International Carriage By Air Done at Montreal on May 29, 1999, as amended, and / or other legislation pertinent to this carriage. If any loss and / or damage resulted to the goods, which is denied, it was due to a cause of causes for which defendant is not liable by virtue of said legislation pertinent to this carriage. UTi, therefore, claims exemption from, and / or the limitation of liability in accordance with the terms and conditions of said convention.

### Sixteenth Affirmative Defense

Plaintiffs denied UTi the opportunity to obtain meaningful and relevant information pertaining to the alleged condition and value of the goods by destroying

6

evidence, allowing relevant evidence to be disposed, and/or by otherwise preventing UTi timely and full access to such evidence with actions and/or inactions should properly result in a finding of spoliation barring the Plaintiffs from prosecuting their claims.

**Seventeenth Affirmative Defense**

The instant venue is improper pursuant to the doctrine forum non-convenience.

## UTi UNITED STATES, INC. CROSS COMPLAINT AGAINST DELTA AIR LINES, INC.

**COMES NOW**, Defendant/Cross-Plaintiff, UTi UNITED STATES, INC., (hereinafter called "UTi") by and through undersigned counsel and files this its Cross-Complaint against Cross-Defendant, PETERSON'S TRANSPORTATION., (hereinafter "PETERSEN") and as basis states as follows:

1. This Court has jurisdiction over this cause of action supplemental to the case filed in chief BASLER SECURITAS VERSICHERUNGEN AG v. UTi UNITED STATES, INC., et al., case number 07 Civ. 6223 (WHP).

2. Cross-Plaintiff, UTi, is authorized to do business in the State of New York.

3. Cross-Defendant, PETERSEN, is a foreign corporation authorized to do business in the State of New York.

4. Upon information and belief, all conditions precedent to the within cause of action have occurred.

5. It is alleged by Plaintiff that UTi contracted to carry the cargo that is alleged by Plaintiff, BASLER SECURITAS VERSICHERUNGEN AG (hereinafter "BSV"), in the above referenced action.

6. PETERSEN breached the contract of carriage by failing to properly deliver the shipment while at all times acting as the air carrier for the subject movement.

7. BSV has brought suit against UTi in regard to an alleged damage and loss to the cargo which is denied by UTi.

8. In the event that UTi is found liable to BSV, UTi will show that such damage resulted from the breach of contract by PETERSEN with regard to the cargo that is the subject of this instant matter.

9. Alternatively, if aforesaid cargo was damaged as alleged in Plaintiff's Complaint (which has been specifically denied by UTi), then PETERSEN is liable directly to BSV and/or its subrogee.

10. UTi has incurred and will incur attorneys fees in this matter.

**WHEREFORE**, Cross-Plaintiff, UTi, demands judgment dismissing Plaintiff's Complaint as to it together with cost disbursements in this action, or in the alternative, demands judgment over and against Cross-Defendant, PETERSEN, for all or part of any verdict or judgment entered herein against Defendant, Cross-Plaintiff, UTi, in favor of Plaintiff and for indemnification by said Cross-Defendant for their respective share. Thereafter, together with cost, disbursements or other assessments which might arise or grow out of this action together with reasonable attorneys fees and such other relief as the Court deems just and proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically this  24th  day of October, 2007. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system: James A. Saville, Jr., Esq. , Hill Rivkins & Hayden, LLP, 45 Broadway, Ste. 1500, New York, NY 10006, Petersen Transport, 16854 Severo Place, Encino, CA 91436-4034.

>HYMAN SPECTOR & MARS, LLP
>Attorneys for Defendant
>Museum Tower, Suite 2701
>150 West Flagler Street
>Miami, Florida  33130
>Telephone: (305) 371-4244
>
>By:   /s Andrew R. Spector
>      Andrew R. Spector, Esq. (ARS 3887)
>
>   -and-
>
>KAPLAN, VON OHLEN & MASSAMILLO, LLC
>Anthony W. Eckert, Esq.
>555 Fifth Avenue 15th Floor
>New York, New York 10017
>(212) 922-0450

DATED:   October 24, 2007 in Miami, Florida.

>UTi UNITES STATES, INC.
>By its Attorneys,
>**HYMAN SPECTOR & MARS, LLP**
>Museum Tower, 27th Floor
>150 West Flagler Street
>Miami, Florida  33130
>Telephone No.: (305) 371-4244
>
>By:     /s/Andrew R. Spector
>      Andrew R. Spector (ARS 3887)

9

Basler Securitas Versicherungen AG v.
UTi United States, Inc.
Case No: 07 Civ. 6223 (WHP)
Page 10 of 10

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF FLORIDA      )
                      )   SS:
COUNTY OF DADE        )

JEANNETTE MONTOYA, being duly sworn, deposes and says:

I am not a party to this action, I am over the age of 18 years, and I reside at Miami, Florida.

That, I, on October 24, 2007 served the within Defendant, UTI's Answer and Affirmative Defenses and Cross Claim upon the attorney indicated below at the address indicated below, being the address indicated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, into an official depository under the exclusive supervision, care and custody of the U.S. Postal Service within the State of Florida and via Facsimile to James A. Saville, Jr., Esq., Hill Rivkins & Hayden, LLP, 45 Broadway, Ste. 1500, New York, NY 10006 (212) 669-0600, Petersen Transport, 16854 Severo Place, Encino, CA 91436-4034.

TO:   James A. Saville, Jr., Esq.,
      Hill Rivkins & Hayden, LLP
      45 Broadway, Ste. 1500,
      New York, NY 10006
      (212) 669-0600

      Petersen Transport
      16854 Severo Place
      Encino, CA 91436-4034

_____
JEANNETTE MONTOYA

**SWORN TO AND SUBSCRIBED** before me
on October 23, 2007

AFFIANT IS PERSONALLY KNOWN TO ME [XX]

_____
NOTARY PUBLIC, State of Florida
My Commission Expires:

F:\WP51\FILES\ARS\UTI\Bayer (BVS) v. UTi\Answer\Ans and Aff Defenses 10.24.07.doc

10