*JOSEPH L. FRANCOEUR. (JF-8874)*
*WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP*
Attorneys for Defendants Petersen Transport
150 E. 42nd St.
New York, NY 10017
(212) 490-3000   (212)490-3038 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| BASLER SECURITAS VERSICHERUNGEN AG | : | Index No.: 07cv6223(RJH) |
| Plaintiff, | : | |
| - against - | : | |
| UTi UNITED STATES INC.; PETERSEN | : | |
| TRUCKING, INC.; and | : | |
| PETERSEN TRANSPORT INC.; | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT PETERSON TRANSPORT'S
MOTION TO DISMISS**

3134501.1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................1

PREMLINARY STATEMENT .....................................................................................................3

ARGUMENT..................................................................................................................................3

I.      The Complaint and Cross-Claims should be dismissed because the claims
asserted are preempted by federal law..............................................................................3

      A.  The Complaint and Cross-claims assert solely common law claims................................4

      B.  The Carmack Amendment preempts state and common law claims................................4

      C.  The transport is interstate in nature, thus falling within the Carmack Amendment.........6

II.     The Cross-claims by UTI are barred for failure to issue a claim notice within
nine-months – a condition precedent to any cause of action .............................................7

CONCLUSION ............................................................................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

*Air Products & Chemicals, Inc. v. Illinois Central Gulf R. Co.*, 721 F.2d 483
    (5th Cir. 1983), cert. denied, 469 U.S. 832, 83 L. Ed. 2d 64, 105 S. Ct. 122 (1984)................3

*Atlantic C. L. R. Co. v. Standard Oil Co.*, 275 U.S. 257 ...............................................................4

B.R. 786 (SD Ohio 2007) .............................................................................................................3

*Bilyou v. Dutchess Beer Distributings, Inc.*, 300 F.3d 217 (2nd Cir. 2002)...............................4, 5

*Cleveland v. Beltman North American Co.*, 30 F.3d 373 (2d Cir. 1994) .......................................3

*Consolidated Rail Corp. v. Primary Industrial Corp.*, 868 F. Supp. 566 (SDNY 1994)........3, 7, 8

*Farmland Industries v. Seaboard Coast Line Railroad Co.*, 733 F.2d 1509
    (11th Cir. 1984) ........................................................................................................................7

3134501.1

*Foxworthy v. Hiland Dairy Co.*, 997 F.2d 670 ........................................................................5

*Hopper Furs, Inc. v. Emery Air Freight Corp.*, 749 F.2d 1261 (8th Cir. 1984) ..............................3

*Hughes Aircraft Co. v. North American Van Lines, Inc.*, 970 F.2d 609 (9th Cir. 1992) ................3

*Hughes v. United Van Lines, Inc.*, 829 F.2d 1407 (7th Cir. 1987), cert. denied, 485 U.S.
    913, 99 L. Ed. 2d 248, 108 S. Ct. 1068 (1988) ..........................................................3

*Imperial News Co., Inc. v. P-I-E Nationwide, Inc.*, 905 F.2d 641 (2d Cir. 1990) ........................7

*Intech, Inc. v. Consolidated Freightways, Inc.*, 836 F.2d 672 (1st Cir. 1987) ..............................3

*John B. Sanfilippo & Son v. Consolidated Rail Corporation*, 659 F. Supp. 990
    (N.D.Ill. 1987) ..............................................................................................7

*Klitzke v. Steiner Corp.*, 110 F.3d 1465 (9th Cir. 1997) (emphasis in original) ..........................4

*L & S Bearing Co. v. Randex International*, 913 F. Supp. 1544 ................................................7

*Neely v. Mayflower Transit*, 2003 U.S. Dist. LEXIS 25682 (ND Ill. 2003) ................................2

*Project Hope v. M/V IBN Sina*, 250 F.3d 67 (2nd Cir. 2001) ..............................................4, 5

*Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700 (4th Cir. 1993) ............................................3

*Underwriters at Lloyds of London v. North American Van Lines, Inc.*, 890 F.2d 1112
    (10th Cir. 1989) ..............................................................................................3

*W.D. Lawson & Co. v. Penn Central Co.*, 456 F.2d 419 (6th Cir. 1972) ..................................3

*White v. Mayflower Transit*, 481 F. Supp. 2d 1105 (CD Cal. 2007) ........................................3

## STATUTES

29 C.F.R. § 782.7(b)(2) ........................................................................................5

The Carmack Amendment, 49 U.S.C. § 14706 ..................................................................3

## MISCELLANEOUS

*Consolidated Rail at 577-578* (citations omitted) ..............................................................8

2

3134501.1

## PREMLINARY STATEMENT

The complaint and cross-claims improperly assert common law claims, all of which are preempted by federal law. Congress specifically preempted all common law claims in the area of interstate carriers, and thus the claims are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

Additionally, the cross-claims are barred for their failure to meet a condition precedent, namely the failure to give timely notice to defendant Peterson Transport of UTI's intent to pursue a claim against it. As such, UTI does not have a cause of action against Peterson, and its claims should be dismissed with prejudice.

## ARGUMENT

**I.      The Complaint and Cross-Claims should be dismissed because the claims asserted are preempted by Federal Law**

Defendant Peterson Transport's objections to the complaint and cross claims are appropriately addressed on a Rule 12(b)(6) motion to dismiss. Dismissal is permitted on a motion to dismiss based on a theory of preemption of common law claims by the Carmack Amendment. In *Neely v. Mayflower Transit*, 2003 U.S. Dist. LEXIS 25682 (ND Ill. 2003), the court granted defendant's motion to dismiss claims for consumer fraud and deceptive business practices as preempted by the Carmack Amendment. Accordingly, it is appropriate for the Court to address the preemption of the claims on a motion to dismiss at this time.

As demonstrated below, the Carmack Amendment provides a uniform national remedy for claims, such as the case at bar, against common carriers. The claims in the complaint and the

3134501.1

cross-claims are based on state and common recovery theories, which are preempted by the

Carmack Amendment.

A.    **The Complaint and Cross-claims assert solely common law claims**

In the case at bar, the complaint alleges solely common law claims.  For instance, in

paragraph 7 the complaint reads

> By reason of the foregoing defendants were grossly negligent and
> careless in their handling of plaintiff's cargo, engaged in willful
> misconduct and further breached and violated there duties and
> obligations as common carriers and bailees of said cargo and were
> otherwise at fault."
>
> (Francoeur Declaration Ex. A).

For the reasons discussed in detail below, these common law claims (negligence, breach

of duty, etc.) are clearly preempted by the Carmack Amendment.

Additionally, the cross-claims by UTI are also preempted.  The cross claims at page 6

allege common law claims against Peterson Transport as follows:

> Peterson breached the contract of carriage by failing to properly
> deliver the shipment while at all times acting as the carrier for the
> subject movement.
>
> (Francoeur Declaration Ex. B).

These common law claims are preempted by the Carmack Amendment, thereby

subjecting them dismissal.

B.    **The Carmack Amendment Preempts State and Common Law Claims**

The Carmack Amendment, 49 U.S.C. § 14706, preempts any state or common law causes

of action against a common carrier for damage to belongings transported in interstate commerce.

*White v. Mayflower Transit*, 481 F.Supp 2d. 1105 (CD Cal. 2007).

Through the Carmack Amendment, Congress intended to provide a uniform national

remedy against carriers for breach of the contract of carriage. *Air Products & Chemicals, Inc. v.*

4

*Illinois Central Gulf R. Co.*, 721 F.2d 483, 487 (5th Cir. 1983), cert. denied, 469 U.S. 832, 83 L. Ed. 2d 64, 105 S. Ct. 122 (1984).

Every circuit that has considered the issue concluded that the Carmack Amendment preempts a shipper's common law claims of breach of contract and negligence. *Consolidated Rail Corp. v. Primary Indus. Corp.*, 868 F. Supp. 566 (SDNY 1994).[1]  *See also Arctic Exp., Ind. V. Del Monte Fresh Produce NA, Inc.* (366. B.R. 786 (SD Ohio 2007) (Carmack Amendment to Interstate Commerce Act, which governs liability of interstate carriers for lost or damaged good, preempts all state and common-law causes of action covered by Amendment.).

As the foregoing makes clear, federal law under the Carmack Amendment preempts all state and common law causes of action, subjecting such claims to dismissal.

---

[1] *See Intech, Inc. v. Consolidated Freightways, Inc.*, 836 F.2d 672, 677 (1st Cir. 1987) (Carmack Amendment is exclusive avenue for recovering damages for failure to unload shipment (breach of contract)); *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 705-07 (4th Cir. 1993) (state negligence and breach of contract claims preempted); *Air Products & Chemicals, Inc. v. Illinois Central Gulf R. Co.*, 721 F.2d 483, 487 (5th Cir. 1983), cert. denied, 469 U.S. 832, 83 L. Ed. 2d 64, 105 S. Ct. 122 (1984) ("Congress intended by the Carmack Amendment to provide a uniform national remedy against carriers for breach of the contract of carriage, including a liability for default in any common-law duty as a common carrier"); *W.D. Lawson & Co. v. Penn Central Co.*, 456 F.2d 419, 421-24 (6th Cir. 1972) (common law claim for damages preempted by Carmack Amendment); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987), cert. denied, 485 U.S. 913, 99 L. Ed. 2d 248, 108 S. Ct. 1068 (1988) (Carmack Amendment preempted state law claims of negligence, breach of insurance contract, breach of contract of carriage, conversion, intentional misrepresentation, negligent misrepresentation, and negligent infliction of emotional distress); *Hopper Furs, Inc. v. Emery Air Freight Corp.*, 749 F.2d 1261, 1264 (8th Cir. 1984) ("All actions against a common carrier, whether designated as tort or contract actions, are governed by the federal statute. . . ."); *Hughes Aircraft Co. v. North American Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992) (Carmack Amendment preempts state law negligence action); *Underwriters at Lloyds of London v. North American Van Lines, Inc.*, 890 F.2d 1112, 1121 (10th Cir. 1989) (en banc) (same); cf. *Cleveland v. Beltman North American Co.*, 30 F.3d 373, 379 (2d Cir. 1994) (Carmack Amendment preempts federal common law claim for punitive damages).

5

3134501.1

**C.   The Transport Is Interstate In Nature, Thus Falling Within the Carmack Amendment**

During the pre-motion conference, plaintiff's counsel advised that their position is that Carmack does not apply here because the transit was "intra" state rather than "inter" state in nature. However, the complaint itself admits at paragraph 5 that the goods were being transported out of the state, in fact out of the country, to Italy.

> 5.     In or about July 2005 there was delivered to defendants in good order and condition a shipment of pharmaceuticals suitable in every respect for the intended transit which defendants received, accepted an agreed to transport for certain consideration from California to Italy.

The mere fact that the part of the journey that Peterson Transport was retained to carry the goods occurred within the state does not alter its status as subject to the laws of interstate commerce. The second circuit determined that question of whether the transportation is of an *interstate* nature can be "determined by reference to the intended final destination" of the transportation when that ultimate destination was envisaged at the time the transportation commenced. *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 223-224 (2nd Cir. 2002); quoting, *Project Hope v. M/V IBN Sina*, 250 F.3d 67, 74 (2nd Cir. 2001); *see also Klitzke v. Steiner Corp.*, 110 F.3d 1465, 1469 (9th Cir. 1997) ("Whether transportation is interstate or intrastate is determined by the essential character of the commerce, *manifested by shipper's fixed and persisting transportation intent at the time of the shipment. . . .*") (citation omitted) (emphasis in original); *Foxworthy v. Hiland Dairy Co.,* 997 F.2d 670, 672 ("Crucial to a determination of the essential character of a shipment is the shipper's fixed and persisting intent at the time of shipment.") (quotation marks and citation omitted); 29 C.F.R. § 782.7(b)(2) (intrastate transportation can satisfy the interstate commerce requirement of the MCA if the shipper has a "fixed and persisting transportation intent beyond the terminal storage point at the

6

time of shipment"). The intent at the time transportation commences "fixes the character of the shipment for all the legs of the transport within the United States." *Bilyou v. Dutchess Beer Distribs., Inc.*, supra, 300 F.3d at 224, quoting *Project Hope*, 250 F.3d at 75.

Where multiple carriers are responsible for different legs of generally continuous shipment, whether 49 USCS § 13501(1)(A) or (E) is satisfied to trigger application of Carmack Amendment (49 USCS § 14706) is determined by reference to *intended final destination* of shipment as that intent existed when shipment commenced; thus, if final intended destination at time shipment begins is another state, Carmack Amendment applies throughout shipment, even as to carrier that is only responsible for intrastate leg of shipment, and if final intended destination at time shipment begins is foreign nation, Carmack Amendment applies throughout entire portion of shipment taking place within United States, including intrastate legs of shipment. *Project Hope v M/V Ibn Sina*, et al. 250 F3d 67, (2nd Cir. 2001)(emphasis added).

The foregoing makes clear that it is the intended final destination that determines whether the shipment was interstate in nature. As the complaint concedes that the shipment originated in California and the final intended destination was Italy, the shipment is interstate in nature. Accordingly, the Carmack Amendment applies to this common carrier situation.

II.     **The Cross-claims by UTI are barred for failure to issue a claim notice within nine-months – a condition precedent to any cause of action**

Procedurally, this point is appropriate on a 12(B)(6) motion to dismiss as UTI has, for the reasons discussed below, failed to meet a condition precedent and has no cause of action to bring. However, because this point is established by extrinsic evidence – i.e. the untimely claim letter – and because the cross-claim contains the statement that "Upon information and belief, all

3134501.1

conditions precedent to the within cause of action have occurred," it is conceivable that the Court may view the issue as more appropriately determined by a Rule 56 motion for summary judgment.   Nevertheless, as Rule 56(B) allows a defendant to move for summary judgment at any time, the failure of UTI to meet the condition precedent should be addressed by the Court at this time, either in the suggested 12(b)(6) format, or in the event that the Court wishes to automatically convert the issue to summary judgment under Rule 56.

On the merits, it is well-settled that "failure to file a claim of loss within the nine-month period precludes a party from recovering for a lost or damaged shipment." *Farmland Industries v. Seaboard Coast Line Railroad Co.*, 733 F.2d 1509, 1510 (11th Cir. 1984). "The nine-month period begins to run either at the time of actual delivery or after a reasonable time for delivery has expired." *Imperial News Co., Inc. v. P-I-E Nationwide, Inc.,* 905 F.2d 641, 644 (2d Cir. 1990); *John B. Sanfilippo & Son v. Consolidated Rail Corporation*, 659 F. Supp. 990, 994 (N.D.Ill. 1987*); L & S Bearing Co. v. Randex Int'l*, 913 F. Supp. 1544

Here, the bill of lading, issued by plaintiff on plaintiff's form, incorporates the terms of the Uniform Straight Bill of Lading, which requires that notice of claim is to be given to the carrier within nine months of the incident as a condition precedent to any recovery.   (Francoeur Declaration Ex. C); *Consolidated Rail Corp. v. Primary Indus. Corp.*, 868 F. Supp. 566, 578 (S.D.N.Y. 1994).

In *Consolidated Rail*, the Southern District discussed this crucial condition precedent in detail and distinguished it from a claim of statute of limitations:

> The Carmack Amendment states in relevant part: "A carrier . . . may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim. . . ." This provision does not render a claim unenforceable in court, but merely sets reasonable limits on restricting the time for filing a claim with a carrier. Similarly, § 2(b) doesn't foreclose a shipper's right to bring suit either. That provision reads, "As a condition precedent to

8

3134501.1

recovery, claims must be filed . . . within nine months after delivery of the property. . . . Where the claims are not filed . . . in accordance with [the nine-month requirement], no carrier hereunder shall be liable, and such claims will not be paid." Unlike a statute of limitations which bars enforcement of a cause of action, this language operates as "condition precedent" to maintaining a suit. In absolving liability rather than restricting its enforcement, the notice requirement prevents accrual of a cause of action absent compliance with its mandates. Therefore, whether or not a carrier brings a suit for freight charges, if a shipper fails to give proper notice of a claim for damages within the proscribed time limits, the shipper has no cause of action to bring.

While this distinction may seem formalistic, reading the contractual language otherwise effectively renders it meaningless and undermines the purpose of the notification requirement. The nine-month filing period is designed to provide a carrier with notice of and an opportunity to promptly and thoroughly investigate a claim for damages. If the nine-month period is a "statute of limitations," and consequently is waived or tolled by a carrier's suit for freight charges, to preserve its damage claim a shipper could merely withhold some or all payment due under a bill of lading. Then, when and if the carrier filed suit, the shipper would be free to assert its counterclaim under the Carmack Amendment long after the nine-month notification period had passed. This eventuality would not only read the nine-month requirement out of the bill of lading, but would undermine its purpose of providing prompt notice to the carrier to facilitate investigation.

*Consolidated Rail* at 577-578 (citations omitted).

As the bill of lading incorporates the terms of the Uniform Straight Bill of Lading, and the Uniform Straight Bill of Lading requires "as a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier…within nine months after the delivery of the property,"[2] UTI was therefore required to give notice to Peterson Transport within nine months of July 5, 2005.

------

[2] *Consolidated Rail Corp. v. Primary Indus. Corp.*, 868 F. Supp. 566, 578 (S.D.N.Y. 1994),citing the ICC-approved Uniform Straight Bill of Lading § 2(b) in footnote 1.

9

3134501.1

Attached hereto as Francoeur Declaration Ex. D is a copy of the actual claim notice by UTI. The notice is dated June 30, 2006, more than eleven months after the incident on July 5, 2005. As the notice was not given in a timely manner, it failed to comply with the condition precedent to asserting any claim against Peterson Transport.

Because UTI has failed to meet a condition precedent, it has "no cause of action to bring." *See Consolidated Rail* at 578. As such, the claims are subject to dismissal with prejudice.

## CONCLUSION

It is respectfully submitted that the foregoing warrants the granting of defendant's motion to dismiss the complaint and cross claims.

Dated: February 28, 2008
     New York, NY

Respectfully submitted by:

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

_____s/_____
Joseph L. Francoeur (8874)
150 East 42nd Street
New York, New York 10017
Telephone: (212) 490-3000
Fax: (212) 490-3038
ATTORNEYS FOR DEFENDANT
PETERSON TRANSPORT

10

3134501.1