**JOSEPH L. FRANCOEUR. (JF-8874)**
*WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP*
Attorneys for Defendants Petersen Transport
150 E. 42nd St.
New York, NY 10017
(212) 490-3000


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
BASLER SECURITAS VERSICHERUNGEN AG           Index No.: 07CIV6223(RJH)

        Plaintiff,

-   against -

UTi UNITED STATES INC.; PETERSEN
TRUCKING, INC.; and
PETERSEN TRANSPORT INC.;

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**DECLARATION OF JOSEPH L. FRANCOEUR**

JOSEPH L. FRANCOEUR, an attorney duly admitted to practice before this Court, affirms that the following statements are true and correct under the penalty of perjury:

1.    I am a member of the law firm of Wilson Elser Moskowitz Edelman & Dicker, LLP, attorneys for defendant Peterson Transport in this action, and as such am familiar with the facts as they pertain to this motion.

2.    I submit this declaration in support of Peterson Transport's motion to dismiss.

3.    Attached hereto as Exhibit A is a true and accurate copy of the complaint.

4.    Attached hereto as Exhibit B is a true and accurate copy of UTI United States' Answer, Affirmative Defenses and Cross-Claim.

5.    Attached hereto as Exhibit C is a true and accurate copy of the bill of lading in this matter.

6.    Attached hereto as Exhibit D is a true and accurate copy of UTI United States' claim letter to Peterson Transport.

WHEREFORE, defendant Peterson Transport respectfully requests that the Court enter an Order dismissing the plaintiff's complaint and UTI's cross-claims.

Dated: New York, New York
       February 28, 2008                          /s

                                        _____
                                        JOSEPH L. FRANCOEUR

3135468.1

# EXHIBIT A

UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

BASLER SECURITAS VERSICHERUNGEN AG

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: 07 CV ___ ( )

UTi UNITED STATES INC.;
PETERSEN TRUCKING, INC.;
and PETERSEN TRANSPORT INC.;

TO: (Name of Defendant)

| UTi United States, Inc. | Petersen Transport, Inc. | Petersen Transport, Inc. |
|---|---|---|
| 1660 Walt Whitman Road | 16854 Severo Place | 16854 Severo Place |
| Melville, NY 11747 | Encino, CA 91436 | Encino, CA 91436 |

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

**HILL RIVKINS & HAYDEN LLP**
45 Broadway, Suite 1500
New York, New York 10006

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    July , 2007
CLERK                                DATE

_____
(By) DEPUTY CLERK

## UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

BASLER SECURITAS VERSICHERUNGEN AG

SUMMONS IN A CIVIL CASE

V.

UTi UNITED STATES INC.;
PETERSEN TRUCKING, INC.;
and PETERSEN TRANSPORT INC.;

CASE NUMBER: 07 CIV 6223

Judge Pauley

TO: (Name of Defendant)

UTi United States, Inc.        Petersen Transport, Inc.        Petersen Transport, Inc.
1660 Walt Whitman Road        16854 Severo Place                16854 Severo Place
Melville, NY 11747            Encino, CA 91436                  Encino, CA 91436

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S
ATTORNEY (name and address)

HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006

an answer to the complaint which is herewith served upon you, within __20__ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
_____        July   , 2007
CLERK                          DATE

_Marcos Quintero_
_____
(By) DEPUTY CLERK

*JAMES A. SAVILLE, JR. (JS-4835)*
*HILL RIVKINS & HAYDEN LLP*
Attorneys for Plaintiff

45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BASLER SECURITAS VERSICHERUNGEN AG :        Index No.:

                    Plaintiff,                    :

    - Against -                                   :                    *COMPLAINT*

UTi UNITED STATES INC.; PETERSEN             :
TRUCKING, INC.; and                          :
PETERSEN TRANSPORT INC.;                      :

                    Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff, BASLER SECURITAS VERSICHERUNGEN AG, by and through its

attorneys, Hill Rivkins & Hayden LLP, complaining of the above named defendant alleges

upon information and belief as follows:


1. At and during all material times hereinafter mentioned plaintiff BASLER

SECURITAS VERSICHERUNGEN AG, was and now is a corporation organized and

existing by virtue of foreign law with an office and principal place of business at Baslerstrasse

4, d-61281 Bad Homburg, Germany and was the insurer of the shipment which is the subject

matter of this lawsuit.


2. At and during all times hereinafter mentioned, defendant UTi United States, Inc.

("UTi") was and now is a corporation organized and existing by virtue of the laws of New York with an office and principal place of business at 1660 Walt Whitman Road, Melville, NY 11747 and was and now is engaged in business as a common carrier of goods by air for hire.

3. At and during all times hereinafter mentioned, defendants Petersen Trucking, Inc. and Petersen Transport, Inc. (collectively "Petersen") were and now are corporations organized and existing by virtue of the laws of California with an office and principal place of business at 16854 Severo Place Encino, CA 91436 and were and now are engaged in business as a common carrier of goods for hire.

4. This Court also has jurisdiction pursuant to 28 U.S.C. §1332 in that plaintiff is a citizen of a foreign state and defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. In or about July 2005 there was delivered to defendants in good order and condition a shipment of pharmaceuticals suitable in every respect for the intended transit which defendants received, accepted and agreed to transport for certain consideration from California to Italy.

6. During the course of loading and stowing the shipment onboard the trailer for transportation to the airport, the container containing the pharmaceutical products was dropped resulting in the total loss of the product.

7. By reason of the foregoing defendants were grossly negligent and careless in their handling of plaintiff's cargo, engaged in willful misconduct and further breached and violated their duties and obligations as common carriers and bailees of said cargo and were otherwise at fault.

8. Plaintiff was the shipper, consignee, insurer or owner of the shipment and brings this action on its own behalf and as agents and trustees of all parties who may be or become interested in said shipment as their respective interests may appear and plaintiff is entitled to maintain this action.

9. Plaintiff has performed all duties and obligations on its part to be performed.

10. By reason of the premises, plaintiff has sustained damage as nearly as same can now be estimated no part of which has been paid although duly demanded in the amount of $4,597,362.00.

*W H E R E F O R E,* Plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against the Defendants.

2. That if the Defendants cannot be found within this District, that all of their property within this District be attached in the sum set forth in this Complaint, with interest and costs.

3. That a decree may be entered in favor of Plaintiff against Defendants in the amount of $4,597,362.00 with interest and costs.

4. Plaintiff further prays for such other, further and different relief as to this Court may

deem just and proper in the premises.

Dated: New York, New York
       July 5, 2007

                        HILL RIVKINS & HAYDEN LLP
                        Attorneys for Plaintiff

                   By: _____
                        James A. Saville, Jr. (JS-4835)

                        45 Broadway
                        New York, New York  10006
                        (212) 669-0600

29265\COMPLAINT

*JAMES A. SAVILLE, JR. (JS-4835)*
*HILL RIVKINS & HAYDEN LLP*
Attorneys for Plaintiff

45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BASLER SECURITAS VERSICHERUNGEN AG :          Index No.:

                    Plaintiff,                :

  - Against -                                 :

                                                       *COMPLAINT*
UTi UNITED STATES INC.; PETERSEN              :
TRUCKING, INC.; and                           :
PETERSEN TRANSPORT INC.;                      :

                    Defendants.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

    Plaintiff, BASLER SECURITAS VERSICHERUNGEN AG, by and through its

attorneys, Hill Rivkins & Hayden LLP, complaining of the above named defendant alleges

upon information and belief as follows:


    1. At and during all material times hereinafter mentioned plaintiff BASLER

SECURITAS VERSICHERUNGEN AG, was and now is a corporation organized and

existing by virtue of foreign law with an office and principal place of business at Baslerstrasse

4, d-61281 Bad Homburg, Germany and was the insurer of the shipment which is the subject

matter of this lawsuit.


    2. At and during all times hereinafter mentioned, defendant UTi United States, Inc.

("UTi") was and now is a corporation organized and existing by virtue of the laws of New York with an office and principal place of business at 1660 Walt Whitman Road, Melville, NY 11747 and was and now is engaged in business as a common carrier of goods by air for hire.

3. At and during all times hereinafter mentioned, defendants Petersen Trucking, Inc. and Petersen Transport, Inc. (collectively "Petersen") were and now are corporations organized and existing by virtue of the laws of California with an office and principal place of business at 16854 Severo Place Encino, CA 91436 and were and now are engaged in business as a common carrier of goods for hire.

4. This Court also has jurisdiction pursuant to 28 U.S.C. §1332 in that plaintiff is a citizen of a foreign state and defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. In or about July 2005 there was delivered to defendants in good order and condition a shipment of pharmaceuticals suitable in every respect for the intended transit which defendants received, accepted and agreed to transport for certain consideration from California to Italy.

6. During the course of loading and stowing the shipment onboard the trailer for transportation to the airport, the container containing the pharmaceutical products was dropped resulting in the total loss of the product.

7. By reason of the foregoing defendants were grossly negligent and careless in their handling of plaintiff's cargo, engaged in willful misconduct and further breached and violated their duties and obligations as common carriers and bailees of said cargo and were otherwise at fault.

8. Plaintiff was the shipper, consignee, insurer or owner of the shipment and brings this action on its own behalf and as agents and trustees of all parties who may be or become interested in said shipment as their respective interests may appear and plaintiff is entitled to maintain this action.

9. Plaintiff has performed all duties and obligations on its part to be performed.

10. By reason of the premises, plaintiff has sustained damage as nearly as same can now be estimated no part of which has been paid although duly demanded in the amount of $4,597,362.00.

*W H E R E F O R E*,  Plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against the Defendants.

2. That if the Defendants cannot be found within this District, that all of their property within this District be attached in the sum set forth in this Complaint, with interest and costs.

3. That a decree may be entered in favor of Plaintiff against Defendants in the amount of $4,597,362.00 with interest and costs.

4. Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.

Dated: New York, New York
      July 5, 2007

                      HILL RIVKINS & HAYDEN LLP
                      Attorneys for Plaintiff

           By:_____
                  James A. Saville, Jr. (JS-4835)
                  45 Broadway
                  New York, New York 10006
                  (212) 669-0600

29265\COMPLAINT

# EXHIBIT  B

HYMAN SPECTOR & MARS, LLP
Attorneys for Defendant, UTi United States, Inc.
150 W. Flagler Street, Ste. 2701
Miami, Florida 33130
Tel: (305) 371-4244
Fax: (305) 371-5930
Attorney: Andrew R. Spector

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

BASLER SECURITAS VERSICHERUNGEN AG

                        Plaintiff,
vs.                                                    CASE NO.: 07-CIV 6223 (WHP)

UTi, UNITED STATES , INC.,
PETERSEN TRUCKING, INC.
and PETERSEN TRANSPORT, INC.

                        Defendant.
_____/

### UTI, UNITED STATES' ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM

COMES NOW, the Defendant, UTi, United States, (hereinafter "UTi") by and through its undersigned attorneys, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and Cross-Claim and states as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2.      UTi admits that it is a New York corporation; however, denies that it's principal place of business is in Melville, New York. UTi denies that it is a common carrier of goods by air. However, UTi admits that it provides services as an air freight forwarder/indirect air carrier.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.     Admitted.

5.     Denied as to UTi.  UTi denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 5 of the Complaint as to co-defendant.

6.     Denied as to UTi.  UTi denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 5 of the Complaint as to co-defendant.

7.     Denied.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.     Denied.

10.    Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant, UTi, would show that  Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Plaintiff have failed to perform the conditions precedent necessary for the maintenance of this action.

2

### Third Affirmative Defense

Plaintiff has failed to mitigate damages and is therefore barred.

### Fourth Affirmative Defense

The Terms and Conditions of Service upon which UTi, operates expressly limits its liability to $50.00 per shipment as adopted by the National Customs Broker and Freight Forwarder Association of America and/or limiting liability absolves it from this claim, and/or to $9.07 per pound pursuant to the contract of carriage.  Defendant further states that pursuant to the terms and conditions found on the reverse side of the subject air waybill and/or invoices, and/or signed powers of attorneys or credit agreement, that there are certain notices of claim requirements which have not been complied with by the Plaintiff.

Defendant, UTi, provided services according to and in reliance upon said Terms and Conditions with the knowledge, consent and acceptance of shipper and consignee in each instance.

Having performed said services to its full contractual obligation while relying upon said terms and conditions of service, Defendant is not liable with respect to any allegation of Plaintiff's Amended Complaint as alleged.

### Fifth Affirmative Defense

Defendant, UTi, would state that any loss or damage to the goods or other economic losses resulted from the acts or omissions of the carriers and/or warehousemen of the goods while said carriers and/or warehousemen were acting as agents for the shipper or consignee, for which acts or omissions Defendant, UTi, has no liability.

### Sixth Affirmative Defense

Defendant, UTi, would state that Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### Seventh Affirmative Defense

Defendant, UTi, states that Plaintiff has failed to join necessary and indispensable parties to this matter.

### Eighth Affirmative Defense

If the good(s) were damaged as alleged in the Complaint, which UTi expressly denies, the damage was caused by or due to insufficiency of packaging, or inadequacy of marks for which UTi is not liable pursuant to the applicable provisions of the airway bill(s), tariffs, contracts of affreightment, and / or other documents for transport issued for the carriage of the shipment or under the applicable provisions of any controlling statutes, conventions, and / or treaties.

### Ninth Affirmative Defense

The transportation out of which the subject matter of this action arose was "international transportation" within the meaning of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw Convention"), and the rights of the parties are subject to the provisions of the Warsaw Convention, 49 Stat. 3000, T.S. No. 876,137, L.N.T.S. 11 (1934), reprinted in note following 49 U.S.C.A. § 40105 (1997), as amended by the Montreal Protocol No. 4 to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929, reprinted in S. Exec. Rep., NO. 105-20 pp. 21-32 (1998), as amended by the Protocol done at the Hague of September 8, 1955 (hereinafter jointly referred to as the "Warsaw

Convention") and, as such, UTi claims the benefits of all exculpatory and liability limiting language as set forth therein.

### Tenth Affirmative Defense

UTi is entitled to all the benefits, protections, limitations and immunities contained in the applicable provisions of the airway bill(s), tariffs, contracts of affreightment, and / or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and / or treaties.

### Eleventh Affirmative Defense

The maximum liability of UTi, if any, is specifically limited as agreed to in the provisions of the airway bill(s), tariffs, contracts of affreightment, and / or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and / or treaties. Defendant states that the damage sustained by Plaintiff, if any, resulted wholly and solely from the fault, neglect and want of care of Plaintiff or persons or parties other than Defendant, UTi, for whose acts said that Defendant is not liable or responsible and is not the result of any negligence, breach of contract, fault or want of care on the part of Defendant, UTi, who faithfully discharged all of its duties.

### Twelfth Affirmative Defense

Defendant, UTi, would show as a defense that Plaintiffs failed to provide, UTi, with the proper and timely written notice of the claim for the damages alleged and/or Plaintiff's Complaint was not timely filed; therefore, the Plaintiff's Complaint should be dismissed with the costs as Plaintiff's claim is barred by statutory limitations. Any loss and/ or damage of the shipment, which is expressly denied, occurred while the goods

were not in the possession of UTi and, therefore, the UTi is not responsible for any damages claimed.

### Thirteenth Affirmative Defense

Defendant asserts all defense under its contact with the shipper and/or consignee including but not limited to limitations of liability, notice of claim, force majeure.

### Fourteenth Affirmative Defense

Defendant asserts all defenses under the 1999 Montreal Convention. To the extent that UTi is found liable, which liability is expressly denied, UTi's liability cannot exceed the shipper's declared value for carriage as stated in the applicable airway bill(s) tariffs, contracts of affreightment, and / or other documents of transport issued for carriage of the shipment and, in the absence of such a declaration, UTi's liability cannot exceed 17 SDR's per kilo, or 20 per kilogram, or its equivalent per kilogram of goods destroyed, lost, damaged, and / or confiscated pursuant to the contract of carriage.

### Fifteenth Affirmative Defense

The shipment described in the Complaint was received, carried and delivered subject to the terms, conditions and exceptions of the Convention for the Unification of Certain Rules Relating to International Carriage By Air Done at Montreal on May 29, 1999, as amended, and / or other legislation pertinent to this carriage. If any loss and / or damage resulted to the goods, which is denied, it was due to a cause of causes for which defendant is not liable by virtue of said legislation pertinent to this carriage. UTi, therefore, claims exemption from, and / or the limitation of liability in accordance with the terms and conditions of said convention.

### Sixteenth Affirmative Defense

Plaintiffs denied UTi the opportunity to obtain meaningful and relevant information pertaining to the alleged condition and value of the goods by destroying

6

evidence, allowing relevant evidence to be disposed, and/or by otherwise preventing UTi timely and full access to such evidence with actions and/or inactions should properly result in a finding of spoliation barring the Plaintiffs from prosecuting their claims.

Seventeenth Affirmative Defense

The instant venue is improper pursuant to the doctrine forum non-convenience.

## UTi UNITED STATES, INC'S. CROSS CLAIM
## PETERSEN TRANSPORT, INC. AND PETERSEN TRUCKING, INC.

COMES NOW, Defendant/Cross-Plaintiff, UTi UNITED STATES, INC., (hereinafter called "UTi") by and through undersigned counsel and files this its Cross-Claim against Cross-Defendant, PETERSEN'S TRANSPORTATION, and PETERSEN TRUCKING, INC. (hereinafter "PETERSEN") collectively and as basis states as follows:

1.    This Court has jurisdiction over this cause of action supplemental to the case filed in chief BASLER SECURITAS VERSICHERUNGEN AG v. UTi UNITED STATES, INC., et al., case number 07 Civ. 6223 (WHP).

2.    Cross-Plaintiff, UTi, is authorized to do business in the State of New York.

3.    Cross-Defendants, PETERSEN, are foreign corporations authorized to do business in the State of New York.

4.    Upon information and belief, all conditions precedent to the within cause of action have occurred.

5.    It is alleged by Plaintiff that UTi contracted to carry the cargo that is alleged by Plaintiff, BASLER SECURITAS VERSICHERUNGEN AG (hereinafter "BSV"), in the above referenced action.

6.    PETERSEN breached the contract of carriage by failing to properly deliver the shipment while at all times acting as the carrier for the subject movement.

7.    BSV has brought suit against UTi in regard to an alleged damage and loss to the cargo which is denied by UTi.

8.    In the event that UTi is found liable to BSV, UTi will show that such damage resulted from the breach of contract by PETERSEN with regard to the cargo that is the subject of this instant matter.

9.    Alternatively, if aforesaid cargo was damaged as alleged in Plaintiff's Complaint (which has been specifically denied by UTi), then PETERSEN is liable directly to BSV and/or its subrogee.

10.    UTi has incurred and will incur attorneys fees in this matter.

WHEREFORE, Cross-Plaintiff, UTi, demands judgment dismissing Plaintiff's Complaint as to it together with cost disbursements in this action, or in the alternative, demands judgment over and against Cross-Defendant, PETERSEN, for all or part of any verdict or judgment entered herein against Defendant, Cross-Plaintiff, UTi, in favor of Plaintiff and for indemnification by said Cross-Defendant for their respective share. Thereafter, together with cost, disbursements or other assessments which might arise or grow out of this action together with reasonable attorneys fees and such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically this __24th__ day of October, 2007. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system: James A. Saville, Jr., Esq. , Hill Rivkins & Hayden, LLP, 45 Broadway, Ste. 1500, New York, NY 10006, Petersen Transport, 16854 Severo Place, Encino, CA 91436-4034.

HYMAN SPECTOR & MARS, LLP
Attorneys for Defendant
Museum Tower, Suite 2701
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 371-4244

By:___ /s Andrew R. Spector_____
      Andrew R. Spector, Esq. (ARS 3887)

-and-

KAPLAN, VON OHLEN & MASSAMILLO, LLC
Anthony W. Eckert, Esq.
555 Fifth Avenue 15th Floor
New York, New York 10017
(212) 922-0450

DATED:    October 24, 2007 in Miami, Florida.

UTi UNITES STATES, INC.
By its Attorneys,
HYMAN SPECTOR & MARS, LLP
Museum Tower, 27th Floor
150 West Flagler Street
Miami, Florida 33130
Telephone No.: (305) 371-4244

By:_____ /s/Andrew R. Spector_____
      Andrew R. Spector (ARS 3887)

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF FLORIDA    )
                                      )    SS:
COUNTY OF DADE    )

JEANNETTE MONTOYA, being duly sworn, deposes and says:

I am not a party to this action, I am over the age of 18 years, and I reside at Miami, Florida.

That, I, on October 24, 2007 served the within Defendant, UTI's Answer and Affirmative Defenses and Cross Claim upon the attorney indicated below at the address indicated below, being the address indicated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, into an official depository under the exclusive supervision, care and custody of the U.S. Postal Service within the State of Florida and via Facsimile to James A. Saville, Jr., Esq. , Hill Rivkins & Hayden, LLP, 45 Broadway, Ste. 1500, New York, NY 10006 (212) 669-0600, Petersen Transport, 16854 Severo Place, Encino, CA 91436-4034.

TO:    James A. Saville, Jr., Esq. ,
          Hill Rivkins & Hayden, LLP
          45 Broadway, Ste. 1500,
          New York, NY 10006
          (212) 669-0600

          Petersen Transport
          16854 Severo Place
          Encino, CA 91436-4034

_____
JEANNETTE MONTOYA

SWORN TO AND SUBSCRIBED before me
on October 23, 2007

AFFIANT IS PERSONALLY KNOWN TO ME [XX]

_____
NOTARY PUBLIC, State of Florida
My Commission Expires:

F:\WP51\FILES\ARS\UTI\Bayer (BVS) v. UTI\Answer\Ans and Aff Defenses 10.24.07.doc

EXHIBIT  C

DEC-19-2005 09:47 FROM:SHIPP1    SHIP DERKE 510103-4151    TO:5    /54390    P.1/1

STRAIGHT BILL OF LADING - SHORT FORM - Original - Not Negotiable

RECEIVED, subject to the classifications and lawfully filed tariffs in effect on the date of issue of this Original Bill of Lading.

Shipper's No. 85430304

(Name of Carrier)____Peterson Trucking_____    SCAC.____    Carrier's No.____

BAYER    At: Berkeley
From: CORPORATION ____Biological____    Division   At: ☐ Elkhart, Indiana  Date ___7/5/05___

The property described below in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in Uniform Freight Classification in effect on the date hereof, if this is a rail or a rail-water shipment, or (2) in the applicable motor carrier classification or tariff, if this is a motor carrier shipment. Shipper hereby certifies that he is familiar with all the terms and conditions of the said bill of lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

(Mail or street address of consignee - For purposes of notification only.)

Consigned To ____UTI____
              C/O Swiss World Cargo                     Trailer No.

Destination ___Los Angeles International Airport___
              MAWB: 724-4804 9013                       Seal No. 2282016

| NO. PACKAGES | HM | KIND OF PACKAGE, DESCRIPTION OF ARTICLES, SPECIAL MARKS, AND EXCEPTIONS | *WEIGHT (Subject to Correction) | |
|---|---|---|---|---|
| 45 BXS | | Kogenate FS Lot# 27Nop41  45 @ 200 | 1051 | lbs |
| | | RKN# 21303PC   /Calibration Date: 09/04 | 589 | lbs |
| | | Door Seal# 0204634/C.U. 0204635 | | |
| | | Dry Ice | 198 | lbs |
| | | Total | 1838 | lbs |
| 40 BXS | | Kogenate FS Lot# 27Nop41  39@200 + 1@118 ea. | 998 | lbs |
| | | RKN# 21471PC   /Calibration Date: 12/04 | 589 | lbs |
| | | Door Seal# 0204636/C.U.# 0204637 | | |
| | | Dry Ice | 198 | lbs |
| | | Total | 1781 | lbs |
| | | (Temperature must be kept at 59°F) | | |

|||| ||| |||| ||| ||| ||||||
R000055318

85 BXS on 2 Envirotainer

FOR EMERGENCY RESPONSE INFORMATION IN CASE OF SPILL, LEAK, FIRE, EXPOSURE OR
ACCIDENT CALL: CHEMTREC AT 1-800-424-9300.

PLACARDS FURNISHED          NONE
☐ YES  TYPE              ☑ REQUIRED

BAYER CORPORATION, Shipper †

Per ____

Permanent post-office address of shipper.
P.O. BOX 40 - ELKHART, IN 46515-0040

Driver hereby acknowledges:
1) receipt of required placards.
2) that a current copy of the DOT Emergency Response
   Guidebook is in the cab of the vehicle in accordance with
   49CFR, Part 172, Subpart G.

____  7/5/05  1:10pm
Agent, Per

— Right margin text —

Subject to Section 7 of conditions of applicable bill of lading, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:
The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

____ (Signature of Consignor)

If charges are to be prepaid, write or stamp here, "To be Prepaid."

TO BE PREPAID

Tendered to carrier in a bored and temperature-controlled manner. Refrigerated charges for unloading in this manner are not applicable.

*This merchandise is placed in a plastic warehouse in the original package for the purpose of transshipment to its out of area destination.

NOTE - Where the agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding

PER POUND.

For such property, the agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding

1) receipt of required placards.

†This is to certify that the above named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation.

*If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is carrier's or shipper's weight.

This shipment is correctly described.

Correct weight is ____ lbs.
Subject to verification by the EASTERN WEIGHING AND INSPECTION BUREAU, According to Agreement No. 2007

EUK-20660  3/96 (7.4210)

EXHIBIT  D

**UTi**

c/o Avalon Risk Management, Inc.
Authorized agent on behalf of UTi, United States, Inc.
150 Northwest Point Boulevard
4th Floor
Elk Grove Village, IL 60007
Phone: 847-700-8125
Direct Fax: 847-264-2785
Fax: 847-700-8117

*PLEASE RESPOND BY JULY 5, 2006*
June 30, 2006

Mr. Ben Peterson                    via Facsimile: 818-594-5835 (10 pages)
Peterson Trucking
16854 Severosvero Place
Encino, CA 91436

RE:    EXTENSION REQUEST

| | |
|---|---|
| Vessel: | N/A |
| B/L Number(s): | SFO 7752 3515 |
| B/L Date: | July 5, 2005 |
| From: | San Francisco, CA |
| To: | Milan, Italy |
| Goods Shipped: | Pharmaceutical Products |
| Claim Amount: | $4,690,128.23 |
| Our Claim Number: | ARMUT-0002600 |

Dear Mr. Peterson:

Per our telephone conversation, please see attached email message sent to Mr. Mike Garippo/Peterson Trucking this afternoon concerning the above referenced claim. We are the insurance broker representing UTi, United States, Inc.

We are holding you responsible and this is our formal claim notice. We hereby reserve any and all rights in this matter and may amend this notice of claim at any time.

Please acknowledge to us in writing, at the address above, your receipt of this formal claim notification and provide your reference number for future correspondence. We await your prompt response.

Please be advised that the above referenced matter is still under investigation. However, in the interest of avoiding litigation, we ask that you grant us an extension of suit time up to and including (90 days). If you are in agreement with this extension, below please sign and date this letter and fax it back to the below fax number.

Thank you in advance for your attention to this matter. We look forward to your immediate proposals for settlement of this claim.

Should you have any questions, please contact Michele McGrath via telephone at 847-700-8125, via facsimile (847) 700-8117 or via e-mail at mmcgrath@avalonrisk.com.

Best Regards,

*Michele McGrath*
Michele McGrath
Transportation Claims Specialist

Extension Approved:

_____          _____
Signature                                      Date

Cc:    Mr. Simon Garden—Carter Marine Ltd. via Facsimile 011 44 1394 273334 (Ref 52041)
          Ms. Susan Robles—UTi, United States, Inc. via Facsimile 650-588-2151

UTi, United States, Inc.