**JAMES A. SAVILLE, JR. (JS-4835)**
*HILL RIVKINS & HAYDEN LLP*
Attorneys for Plaintiff
Basler Securitas Versicherungen AG

45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
BASLER SECURITAS VERSICHERUNGEN AG  :   Index No.: 07cv6223(RJH)

        Plaintiff,  :

  - Against -  :

UTi UNITED STATES INC.; PETERSEN  :
TRUCKING, INC.; and  :
PETERSEN TRANSPORT INC.;  :

        Defendants.  :
----------------------------------------X

**PLAINTIFF BASLER SECURITAS VERSICHERUNGEN AG'S MEMORANDUM
OF LAW IN OPPOSITION TO DEFENDANT PETERSEN TRANSPORT INC.'S
<u>MOTION TO DISMISS</u>**

<u>PRELIMINARY STATEMENT</u>

Plaintiff, Basler Securitas Versicherungen AG ("Basler"), respectfully submits this memorandum of law in opposition to defendant Petersen Transport Inc.'s (Petersen) motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As set forth herein, not only is the so-called Carmack Amendment inapplicable to the shipment at issue, even if it were, there is no basis to dismiss the Complaint.

## FACTUAL BACKGROUND

The operative facts are essentially undisputed. In July 2005, defendant Petersen received 9,000 vials of KOGENATE Antihemophilic Factor (used in the treatment of hemophilia) at a Bayer facility in Berkeley, California for transportation to San Francisco International Airport for further transportation by air to Italy. (Complaint ¶5). Petersen was retained to transport the cargo from the facility to the airport. Although the container of cargo was loaded on the Petersen truck in good order and condition, during the course of stowing the cargo on the truck, as a result of certain actions taken by Petersen's driver, the container fell off the truck and was damaged. In view of the nature and intended use of the product, the KOGENATE was declared a total loss and plaintiff paid a claim in the amount of $4,597,362.00. Defendant Petersen now seeks to dismiss the Complaint.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all factual allegations in the complaint and must construe any well-pleaded factual allegations in the plaintiff's favor. *See Easton v. Sundram*, 947 F.2d 1011 (2d Cir. 1991), *cert. denied*, 504 U.S. 911 (1992). A court may dismiss a complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41 (1957); *see also Still v. DeBuono*, 101 F.3d 888 (2d Cir. 1996). Indeed, the issue on a motion to dismiss "is not whether the plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.*, 727 F. Supp. 784, 786 (D.Conn.1990). In deciding such a motion, consideration is limited to the facts stated in the complaint or in documents attached thereto as

exhibits or incorporated therein by reference. *See Kramer v. Time Warner. Inc.*, 937 F.2d 767 (2d Cir. 1991). Pursuant to Rule 12(b)(6), the Court is precluded from considering matters outside the complaint. *Courtenay Commc'n, Corp. v. Hall*, 334 F.3d 210 (2d Cir.2003). Under the foregoing standard, plaintiff respectfully submits that Petersen's motion must be denied.

## ARGUMENT

## POINT I

## THE CARMACK AMENDMENT DOES NOT APPLY TO THIS SHIPMENT

Defendant Petersen correctly argues that the Carmack Amendment preempts all state law and common law causes of action against a common carrier for damage to cargo transported in interstate motor carriage. Defendant errs, however, in concluding that the Carmack Amendment applies to the shipment at issue. To the contrary, the very terms of 49 U.S.C. §13506(a) make clear that under the circumstances of the present case, the Carmack Amendment does not apply.

Section 13506(a) of Part B entitled "Motor Carriers, Water Carriers, Brokers, and Freight Forwarders, provides:

> (a) In general.—Neither the Secretary nor the Board has jurisdiction under this Part over—
> . . .
> (8)(B) transportation of property (including baggage) by motor vehicle as part of a continuous movement which, prior or subsequent to such part of the continuous movement, has been or will be transported by an air carrier or (to the extent so agreed by the United States and approved by the Secretary) by a foreign air carrier

The Carmack Amendment only applies to motor carriers subject to jurisdiction under subchapter 1 of chapter 135. *See Polesuk v. CBR Systems, Inc.*, 2006 WL 2796789 (S.D.N.Y. Sep. 26, 2006). For example, exempted from "Carmack" jurisdiction are motor vehicles transporting, *inter alia*, ordinary livestock, agricultural commodities, and seafood which has not been treated for preserving. *See* 49 U.S.C. §13506(a)(6)(A)(B) and (D); *see also Taiyo Americas, Inc. v. Honey Transport, Inc.*, 464 F.Supp. 1249 (S.D.N.Y. 1979)(finding seafood shipment was exempt from the provisions of the Carmack Amendment). Section 13506 (a)(8)(B) exempts from the Carmack Amendment those motor carriers carrying property prior to transportation by air. As the shipment at issue was to travel by air to Italy had Petersen safely delivered it to the airport, by the very terms of §13506(a)(8)(B), the Board had no jurisdiction and, therefore, the Carmack Amendment has no application to this case. Therefore, Basler respectfully submits that Petersen's motion to dismiss must be denied.

## POINT II

### EVEN IF THE CARMACK AMENDMENT APPLIED, THERE IS NO BASIS TO DISMISS THE COMPLAINT

Assuming for the sake of argument that the Carmack Amendment applied to this shipment, plaintiff does not dispute that it would preempt state law and common law claims against a motor carrier for loss of or damage to goods during interstate transportation. *See, e.g., Ward v. Allied Van Lines, Inc.*, 231 F.3d 135 (4th Cir. 2000). However, even if the Carmack Amendment applied to Basler's claim against Petersen, as plaintiff has properly pled a "Carmack" cause of action, there is no legal basis to dismiss Basler's Complaint in its entirety.

4

To establish a *prima facie* case under the Carmack Amendment, a plaintiff must allege that: (1) the cargo was delivered to the carrier in good order and condition, (2) it was re-delivered in something other than the same good order and condition, and (3) the quantum of the loss. *See, e.g., Project Hope v. M/V IBN SINA*, 250 F.3d 67 (2d Cir. 2001). Therefore, if plaintiff has pled that the cargo was delivered to the carrier in good order and condition, that it was re-delivered damaged and a loss was sustained, then it has alleged a *prima facie* claim under the Carmack Amendment. That is exactly what Basler has done in the present case.

At paragraphs 5 and 6 of the Complaint, Basler alleges:

> 5. In or about July 2005 there was delivered to defendants in good order and condition a shipment of pharmaceuticals suitable in every respect for the intended transit which defendants received, accepted and agreed to transport for certain consideration from California to Italy.
>
> 6. During the course of loading and stowing the shipment onboard the trailer for transportation to the airport, the container containing the pharmaceutical products was dropped resulting in the total loss of the product.

Consequently, there is no basis to dismiss the complaint. *See, e.g., DiPaolo Mach. Works Ltd. v. Prestige Equip. Corp.*, 998 F.Supp. 229 (E.D.N.Y. 1998)(finding complaint that alleged damage to property during in interstate shipment sufficient to state a claim under the Carmack Amendment).

Although plaintiff has pled a Carmack claim in addition to various other causes of action, in the event this Court finds plaintiff has not alleged a claim under the Carmack Amendment, Basler respectfully requests leave to amend the Complaint to simply and affirmatively state that this Court has subject matter jurisdiction pursuant to 49 U.S.C.

§14706. Leave to amend should be freely given when justice dictates Fed.R.Civ.P. 15(a); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). Where there is neither a showing of the movants' undue delay, bad faith or dilatory motive nor a showing of undue prejudice to the opposing party, leave to amend should be granted. *Foman v. Davis*, 371 U.S. 178 (1962); *Grace v. Rosenstack*, 228 F.3d 40 (2d Cir. 2000). As there has been no bad faith, undue delay on the part of plaintiff and Petersen will suffer no prejudice if leave to amend is granted, plaintiff respectfully submits that is request to amend the complaint should be granted.[1]

## CONCLUSION

For the reasons set forth herein, plaintiff respectfully submits that defendant Petersen Transport's motion to dismiss must be denied or alternatively, plaintiff's request to amend the complaint should be granted.

Dated: New York, New York
       March 21, 2008

        HILL RIVKINS & HAYDEN LLP
        Attorneys for Plaintiff


        By:_____/s_____
            James A. Saville, Jr.

        45 Broadway
        New York, New York 10006
        (212) 669-0600

---

[1] In addition, plaintiff submits that motions are not pleadings. *See Fed.R.Civ.P 7(a) & (b)*. Thus, Petersen's motion to dismiss is not a responsive pleading within the meaning of Rule 15(a). Because the plaintiff's original complaint was opposed by a Rule 12(b)(6) motion to dismiss, the plaintiff respectfully submits that it may also amend the complaint as of right. *See Ford v. Allied Van Lines, Inc.*, 1997 WL 317315 (D.Conn. June 3, 1997).