**HYMAN SPECTOR & MARS, LLP**
Attorneys for Defendant, UTi United States, Inc.
150 W. Flagler Street, Ste. 2701
Miami, Florida 33130
Tel: (305) 371-4244
Fax: (305) 371-5930
Attorney: Andrew R. Spector

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

BASLER SECURITAS VERSICHERUNGEN AG

                Plaintiff,

vs.                                                                         CASE NO.: 07-CIV 6223 (WHP)

UTi, UNITED STATES , INC.,
PETERSEN TRUCKING, INC.
and PETERSEN TRANSPORT, INC.

                Defendant.
_____/

**UTI, UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO CROSS-DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

                                                                                                      **Page**

TABLE OF AUTHORITIES……………………………………………….    1

INTRODUCTION…………………………………………………………..    2

ARGUMENT………………………………………………………………..    3

I.      THE CARMACK AMENDMENT HAS NO APPLICATION TO
        EITHER THE PLAINTIFF'S CLAIMS OR THE CROSS-CLAIMS….    3

II.     PETERSEN'S ARGUMENTS REGARDING UNTIMELY
        NOTICE OF CLAIM ARE UNAVAILING……………………………    5

        A.      The Motion to Dismiss Cites to Matters Outside the Complaint…    5

        B.      Petersen Cannot Circumvent the Requirements of Rule 56
                and Local Rule 56.1 in Seeking Summary Judgment…………….    6

        C.      Summary Judgment is Inappropriate at This Stage of the
                Litigation Since Discovery Has Yet to Be Served
                Which May Reveal Material Facts in Dispute……………………    9

        D.      Petersen Fails to Prove That the Notice Period Applies to UTi…..    9

CONCLUSION……………………………………………………………    13

## TABLE OF AUTHORITIES

**CASES**

                                                                                                          **PAGE**

*Akebono Brake Industry Co., Ltd. v. TNT Freight Express, Inc.*,
1992 WL 183786 (S.D.N.Y. July 23, 1992)……………............................... 12

*Consolidated Rail Corp. v. Primary Indus. Corp.*,
868 F.Supp. 566 (S.D.N.Y. 1994)………………………………………….. 10

*Fireman's Fund Insurance Co . v. Panalpina Inc.*,
153 F.Supp.2d 1339 (S.D. Fla. 2001)…………………………………………  4

*Ins. Co. of N. Am.*, 1 F.3d 906-7 (9th Cir. 1993)………………………………… 10

*Krijn v. Pogue Simone Real Estate Co.*,
896 F.2d 687 (2d Cir. 1990)……………………………………………………... 9

*Ruston Gas Turbines, Inc. v. Pan American World Airways*,
757 F.2d 29, 301-31 (2d Cir. 1985)……………………………………………  4

*S&H Hardware & Supply Co. v. Yellow Transportation, Inc.*,
432 F.3d 550, 556 (3d Cir. 2005)……………………………………………  10

*Shorts v. UPS*, 1999 WL 118791 (N.D. Tex. Aug. 31, 1989)…………………….  4

*Transcontinental Freight Systems, Inc. v. Air France*,
1994 WL 736026 (N.D. Ill. Apr. 6, 1994)……………………………………..  4

**STATUTES**

49 U.S.C. § 13506……………………………………………………………..... 6,7
49 U.S.C. § 14706……………………………………………………………... 10,11

**RULES**

Southern District of New York Local Civil Rule 56.1…………………………….. 6,7
Federal Rule of Civil Procedure 56…………………………………………...…  7
Federal Rule of Evidence 602……………………………………………………  8

## INTRODUCTION

This matter involves the transportation of certain cargo from Berkeley, California to Milan, Italy. Defendant/Cross-Plaintiff, UTi, acted as freight forwarder for the transportation on behalf of the Plaintiff. Defendant/Cross-Defendant, Petersen Trucking (hereinafter "Petersen") was hired to transport the subject cargo via motor carrier from Berkeley, California to Los Angeles, California, where it would be loaded onto an air carrier for transportation to Italy.

During the ground transportation, while the subject cargo was in the sole care, custody and control of Petersen, the cargo was allegedly damaged, resulting in a loss of over $4 million.

On July 5, 2007, Plaintiff brought suit against both UTi and Petersen for the alleged damages. On October 24, 2007, UTi answered the complaint, and filed its cross-claim for indemnity and/or contribution as against Petersen, stating that the damages were the result of actions taken by Petersen during the transportation, and, if UTi were held liable to Plaintiff, then Petersen must indemnify UTi.

On February 28, 2008, Petersen filed its Motion to Dismiss the complaint and the cross-claim brought by UTi. The majority of Petersen's argument centers around the contention that this was an interstate transportation of cargo governed by the Carmack Amendment, which preempts the common law claims filed by Plaintiff and the cross-claims filed by UTi. As set forth herein, however, Carmack has no application to this claim.

Petersen also moves to dismiss the cross-claim on the basis that UTi failed to provide the requisite notice under Carmack. Petersen urges the Court to treat this motion

2

as a motion for summary judgment. For the reasons set forth herein, this motion, however framed, must be denied.

**ARGUMENT**

I.  **THE CARMACK AMENDMENT HAS NO APPLICATION TO EITHER THE PLAINTIFF'S CLAIMS OR THE CROSS-CLAIMS.**

Petersen sets forth, with a great deal of legal support, the contention that the Carmack Amendment preempts the claims of both the Plaintiff and Cross-Plaintiff. Petersen's argument is that this ground transportation, although entirely within the state of California, is interstate in nature, subjecting the claims to the jurisdiction of the Surface Transportation Board (formerly the Interstate Commerce Commission). The basis of this argument is that the ultimate destination of the cargo was outside the state of California.

None of the cases cited by Petersen, however, involved transportation out of the state via air carrier, as is the issue in the instant matter. Unfortunately, the Carmack Amendment specifically excludes from its jurisdiction any transportation involving an <u>air carrier</u>, as was involved in this matter.

Specifically, 49 U.S.C. § 13506, provides:

> **§ 13506. Miscellaneous motor carrier transportation exemptions**
>
> **(a) In general.**--Neither the Secretary nor the Board has jurisdiction under this part over--
>
> **(8)(A)** transportation of passengers by motor vehicle incidental to transportation by aircraft;
>
> **(B)** transportation of property (including baggage) by motor vehicle as part of a continuous movement which, prior or subsequent to such part of the continuous movement, has been or will be transported by an air carrier or (to the extent so

3

agreed by the United States and approved by the Secretary) by a foreign air carrier;

Despite Plaintiff's protestations to the contrary, the Carmack Amendment simply does not apply to the instant transaction. *See Shorts v. UPS*, 1999 WL 118791 (N.D. Tex. Aug. 31, 1989), wherein the Court recognized the aforementioned exemption, precluding the Carmack application to domestic inland carriage where same was part of a continuous movement in which air carriage was contemplated. Id. In *Shorts*, cargo was transported via UPS truck to an air carrier for continued transportation to destination. Plaintiff sued for the resulting misdelivery of the cargo under the Carmack Amendment, claiming that this was an interstate transportation by a motor carrier subject to the Carmack Amendment. The Court disagreed, holding that since UPS was transporting Shorts' package as part of a continuous movement of the package involving prior or subsequent transportation by an air carrier…, UPS' transportation of the Shorts' package is exempted from the Secretary [of Transportation]'s jurisdiction under §13506(a)(8)(B). *Id*. at *4 (citing *Ruston Gas Turbines, Inc. v. Pan American World Airways*, 757 F.2d 29, 301-31 (2d Cir. 1985); *Transcontinental Freight Systems, Inc. v. Air France*, 1994 WL 736026 at *2-4 (N.D. Ill. Apr. 6, 1994)).

Similarly in *Fireman's Fund Insurance Co . v. Panalpina Inc*., 153 F.Supp.2d 1339 (S.D. Fla. 2001) the Court addressed a subrogation claim brought by an insurer on behalf of a shipper of goods against an international air carrier and an interstate trucking company, just as in the instant case. The Court held that the Carmack Amendment was without application to the subject loss, as any interstate ground transport was part of an ongoing movement which utilized air carriage. *Id*.

4

It is undisputed that the shipment of the cargo via motor carrier was part of a continuous transportation. In its motion to dismiss, at page 7, Petersen clearly maintains that this shipment is interstate in nature due to the fact that the ground transportation was part of a continuous shipment. Petersen was transporting this cargo to Los Angeles International Airport, to be transported by air to Italy under master air waybill # 724-4804-9013, as referenced in the Bill of Lading attached as Exhibit "C" to the Declaration of Joseph L. Francouer, offered in support of Petersen's Motion to Dismiss.

If Petersen's own allegations are taken as true, as they must on a motion to dismiss, then the ground transportation would be incidental to a continuous transportation of cargo, with subsequent transportation by air carrier. Therefore, the Carmack Amendment would not apply to these claims, and UTi's cross-claim would not be preempted.

Petersen's motion to dismiss must therefore be denied.

II. **PETERSEN'S ARGUMENTS REGARDING UNTIMELY NOTICE OF CLAIM ARE UNAVAILING.**

A. **The Motion to Dismiss Cites to Matters Outside the Complaint.**

Petersen suggests that the Court treat its motion as a motion to dismiss under Federal Rule of Civil Procedure 12(B)(6), while at the same time urging the Court to "automatically convert" the motion to one seeking summary judgment under Rule 56. Petersen acknowledges that it cannot succeed with its motion to dismiss under the four corners of the complaint, since UTi has stated a claim upon which relief can be granted.

Petersen then proceeds to provide the merits of the claim, case law, supporting affidavit and other extrinsic documents to convert this motion to one seeking summary judgment.

As a motion to dismiss, Petersen's arguments inevitably fail. Petersen cannot make such an argument without moving beyond the four corners of the complaint, as it admits in its motion. Petersen does not argue that UTi has failed to properly allege a claim for indemnity, or that it is unable to allege such a claim. Petersen fails to argue that UTi cannot state a claim upon which relief can be granted, as required by Rule 12(b)6.

Therefore, Petersen's motion to dismiss must be denied. For the reasons set forth herein, if Petersen's motion is treated as a motion for summary judgment, it then must also be denied.

### B.   Petersen Cannot Circumvent the Requirements of Rule 56 and Local Rule 56.1 in Seeking Summary Judgment.

Petersen is essentially moving for summary judgment while attempting to circumvent the requirements for making a motion for summary judgment. Petersen has entirely failed to comply with the requirement of Local Rule 56.1, which provides:

> **Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment**
> (a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules
> of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, *in numbered paragraphs*, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.
> (b) The papers opposing a motion for summary judgment shall include *a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing* a separate, short and concise statement

> of *additional* material facts as to which it is contended that there exists a genuine issue to be tried.
> (c) ***Each numbered paragraph in the statement of*** material facts set forth in the statement required to be served by the moving party will be deemed to be admitted ***for purposes of the motion*** unless ***specifically*** controverted by ***a correspondingly numbered paragraph in*** the statement required to be served by the opposing party.
> (d) Each statement ***by the movant or opponent pursuant to Rule 56.1(a) and (b), includingeach statement controverting any statement of material fact,*** must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).
> [Adopted March 25, 2004]
> (emphasis in original).

Petersen has failed to provide a statement of material facts in accordance with the requirements of this rule. Petersen has not provided short, concise statements of the facts, in numbered paragraphs, as required. Nor has Petersen provided the citations to admissible evidence as mandated by the Rule.

In addition, any evidence submitted by Petersen would be inadmissible pursuant to Rule 56(e) of the Federal Rule of Civil Procedure, which provides:

> (e) Affidavits; Further Testimony.
>
> **(1) In General.**
>
> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

The only affidavit filed in support of Petersen's Motion is from its attorney, Joseph Francoeur. Mr. Francouer's swears that he is Petersen's attorney and that he is familiar with the facts in this matter. Mr. Francouer provides no basis for the source of

7

his knowledge as to the information referenced therein. In other words, the declaration is not based upon person knowledge or otherwise. *See* Fed. R. Evid. 602. Mr. Francouer states that Exhibit C is a true and accurate copy of the bill of lading, without providing any indication as to how he knows this. There is no declaration from the records custodian, or anyone for that matter, from Petersen Trucking. Mr. Francouer makes no statement as to whether the referenced documents were stored in the ordinary course of business. In short, the affidavit contains entirely inadmissible evidence.

Additionally, it should be noted that Mr. Francouer explicitly states that his declaration is submitted in support of Petersen's Motion to Dismiss, rather than in support of summary judgment.

Furthermore, Petersen's motion sets forth that the "bill of lading…incorporates the terms of the Uniform Straight Bill of Lading, which requires that notice of claim is to be given to the carrier within nine months of the incident….", and cites to the Francouer Declaration, Ex. C, in support. Mr. Francouer merely states that the bill of lading is a true and correct copy, without making any mention of the terms of the Uniform Straight Bill of Lading, which are not attached to the motion whatsoever. The Bill of Lading refers to the "Uniform Domestic Straight Bill of Lading set forth in the applicable motor carrier classification or tariff." Mr. Francouer neither attaches this classification or tariff, nor does he attest to its contents.

Petersen simply has not set forth a proper motion for summary judgment, has not provided adequate support, and has not complied with the requirements of Local Rule 56.1, Rule 56(e) or the Federal Rules of Evidence. Petersen's motion should therefore be

8

treated as a motion to dismiss, rather than as a motion for summary judgment, and should therefore be summarily denied for the reasons as previously set forth.

Alternatively, although UTi believes that summary judgment should not be granted for the reasons stated herein, if the Court decides to treat the motion to dismiss as a motion for summary judgment under Rule 56, UTi would request an opportunity to present evidence showing material facts to be in dispute and that Petersen is not entitled to judgment as a matter of law. *Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687 (2d Cir. 1990).

   **C.** **Summary Judgment is Inappropriate at This Stage of the Litigation Since Discovery Has Yet to Be Served Which May Reveal Material Facts in Dispute.**

At this stage of the litigation, no written discovery and no depositions have been exchanged. Discovery may therefore reveal that the "facts", as portrayed by Petersen and its attorney are actually in dispute. For example, documents may be in the possession of Petersen and/or Plaintiff evidencing a that a course of dealings existed as between the parties such as would govern the parties' relationship.

These are material facts which have not even been addressed by Petersen, let alone shown to be undisputed, as is required for an entry of summary judgment. For all of these reasons, Petersen's motion, whether treated as a motion to dismiss or a motion for summary judgment, must be denied.

   **D.** **Petersen Fails to Prove That the Notice Period Applies to UTi.**

Although UTi denies that notice was untimely, Petersen has failed to show that it is undisputed that UTi was even required to give notice of its indemnity claim.

9

Petersen cites to *Consolidated Rail Corp. v. Primary Indus. Corp.*, 868 F.Supp. 566, 578 (S.D.N.Y. 1994) in support of its motion. The text of this case, as provided by Petersen in full in its motion, provides that "if a <u>shipper</u> fails to give proper notice of a claim for damages within the proscribed time limits, the shipper has no cause of action to bring."

In the instant action, Plaintiff was the shipper, while UTi was acting in its capacity as freight forwarder. Petersen has not moved to dismiss (or for summary judgment) the claims brought by Plaintiff for any failure to provide the requisite notice. Indeed, Exhibit "A", attached hereto clearly reveals that notice had been timely provided by Bayer to Petersen for the same damages claimed by UTi. Petersen can therefore not claim in good faith that it was not provided with timely notice so that it can investigate the claim, as is the purpose of the notice requirement. *S&H Hardware & Supply Co. v. Yellow Transportation, Inc.*, 432 F.3d 550, 556 (3d Cir. 2005) (citing *Ins. Co. of N. Am.*, 1 F.3d 906-7 (9th Cir. 1993)).

While not applicable to this matter, as previously set forth, the Carmack Amendment provides for the liability of carriers under bills of lading, and is therefore instructive. 49 U.S.C. § 14706 provides, in pertinent part:

> **§ 14706. Liability of carriers under receipts and bills of lading**
>
> **(a) General liability.--**
>
> **(1) Motor carriers and freight forwarders.**--A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. <u>The liability imposed under this paragraph is for the actual loss or injury to the property</u>

10

> caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702. (emphasis added)
>
> **(e) Minimum period for filing claims.--**
>
> **(1) In general.**--A carrier may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section. The period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed any part of the claim specified in the notice

In other words, the carrier providing the transportation under a bill of lading is liable only to the person entitled to recover under the bill of lading. Further, this recovery is for the loss or injury caused by the carrier. The notice period applies to a claim being filed under section 14706 and therefore only applies to the person entitled to recover for the actual injury or loss.

The Complaint specifically states, in paragraph 8 that "Plaintiff was the shipper, consignee, insurer or owner of the shipment and brings this action on its own behalf and as agents and trustee of all parties who may be or become interested in said shipment as their respective interests may appear…."

UTi's cross-claim, in turn, states that "In the event that UTi is found liable to BSV, UTi will show that such damage resulted from the breach of contract by PETERSEN with regard to the cargo that is the subject of this instant matter. Alternatively, if aforesaid cargo was damaged as alleged in Plaintiff's Complaint (which has been specifically denied by UTi), PETERSEN is liable directly to BSV and/or its subrogee."

11

UTi does not claim that it has any interest in the cargo. Indeed, as the allegations in the Complaint make clear, Plaintiff is claiming the entire interest in the cargo. Any damages claimed by UTi in its cross-claim are merely equitable in nature. That is, UTi's claim against Petersen only arises if it is found liable to Plaintiff. In short, UTi is not an entity "entitled to recover under the bill of lading" at this time, as required by § 14706. The nine-month limitation therefore does not even apply to UTi.

This argument is supported by case law from this District, which has held that "The nine-month limitation applies to the shipper and the carrier <u>in privity</u> with the shipper." *Akebono Brake Industry Co., Ltd. v. TNT Freight Express, Inc.*, 1992 WL 183786 at * 2 (S.D.N.Y. July 23, 1992). In *Akebono*, Plaintiff filed claims against two carriers, TNT Freight Express and Anderson Trucking Service. The cargo traveled under TNT's bill of lading. TNT then contracted with Anderson for the final leg of the transport. TNT brought an indemnity claim against Anderson. Anderson contended however, "that TNT's indemnity claim was barred by the nine-month notice provision in Section 2(b) and the Carmack Amendment." *Id*. at *3. The Southern District of New York found this argument to be entirely without basis, holding that "because Anderson did not issue a bill of lading to TNT for the shipment of the Equipment, TNT was not required to file a written notice of its claim for indemnification against Anderson within nine months."

In the instant case, the bill of lading clearly provides that Plaintiff and Petersen agreed to be governed by the terms and conditions of the bill of lading. UTi made no such agreement. Petersen has not provided any evidence, or allegations regarding any agreement between it and UTi such as would mandate any claim by UTi to be filed

12

within nine months from the date of delivery. UTi is not entitled to recover under the bill of lading which governed the terms of the agreement between Plaintiff and Petersen. Even so, Petersen clearly has received timely notice from Plaintiff, and therefore has had fair opportunity to investigate the claim. As UTi's claim is merely derivative in nature, and arises only if it is found liable to Plaintiff, there would obviously be no additional facts to investigate.

## CONCLUSION

The Carmack Amendment does not preempt the claims as set forth in the Complaint and Cross-claim since continuous transportation involving an air carrier is specifically and clearly exempted from the statute.

Cross-Defendant cannot seek summary judgment from this Court by framing its motion as one seeking dismissal for failure to state a claim, and by attempting to circumvent the requirements for bringing a motion for summary judgment under the applicable federal and local rules. Regardless, Cross-Defendant has not provided sufficient, admissible evidence in support of its motion for summary judgment, and has not shown that there is no dispute with regard to material facts nor that Cross-Defendant is entitled to judgment as a matter of law. There are simply no allegations, and certainly no evidence that the notice of claim limitation period applied to UTi in this matter. Cross-Defendant's motion should be treated as a motion to dismiss and should fail since it cannot be made without moving beyond the four corners of the complaint. If the Court treats the motion as one for summary judgment, same should be denied for the reasons set

forth herein.  In the alternative, UTi should be put on notice that the motion will be treated as one for summary judgment and be permitted to fully respond.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically this  21th  day of March, 2008. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system: James A. Saville, Jr., Esq. , Hill Rivkins & Hayden, LLP, 45 Broadway, Ste. 1500, New York, NY 10006, and Joseph L. Francouer Esq., Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 150 E. 42nd Street, New York, New York 10017.

        **HYMAN SPECTOR & MARS, LLP**
        Attorneys for Defendant
        Museum Tower, Suite 2701
        150 West Flagler Street
        Miami, Florida  33130
        Telephone: (305) 371-4244

        By:____/s Andrew R. Spector_____
             Andrew R. Spector, Esq. (ARS 3887)

           **-and-**

        KAPLAN, VON OHLEN & MASSAMILLO, LLC
        Anthony W. Eckert, Esq.
        555 Fifth Avenue 15th Floor
        New York, New York 10017
        (212) 922-0450

**DATED:**     March 21, 2008 in Miami, Florida.

        UTi UNITES STATES, INC.
        By its Attorneys,
        **HYMAN SPECTOR & MARS, LLP**
        Museum Tower, 27th Floor
        150 West Flagler Street

        Miami, Florida   33130
        Telephone No.: (305) 371-4244


By:_____/s/Andrew R. Spector_____
    Andrew R. Spector (ARS 3887)




F:\WP51\FILES\Robert\UTi - Bassler\opposition to mot2dismiss.doc