***JOSEPH L. FRANCOEUR. (JF-8874)***
*WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP*
Attorneys for Defendants Petersen Transport
150 E. 42nd St.
New York, NY 10017
(212) 490-3000   (212)490-3038 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
BASLER SECURITAS VERSICHERUNGEN AG  :        Index No.: 07cv6223(RJH)

                  Plaintiff,            :

    - against -                         :

UTi UNITED STATES INC.; PETERSEN       :
TRUCKING, INC.; and                          :
PETERSEN TRANSPORT INC.;              :

              Defendants.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### REPLY
### MEMORANDUM OF LAW
### IN SUPPORT OF DEFENDANT PETERSON TRANSPORT'S
### MOTION TO DISMISS

## PREMLINARY STATEMENT

UTi's cross-claims against Peterson Transport are subject to dismissal as its failure to serve the required notice of claim within nine-months leaves UTi with "no cause of action to bring." Additionally, the arguments by Plaintiff and UTi with regard to an exception to authority of the Board to regulate via the Carmack Amendment applies where air travel is involved were not raised during the pre-motion conference.

## ARGUMENT

### Carmack Amendment

Plaintiff's and UTi's oppositions concede that their argument raised at the pre-motion conference, namely that the Carmack Amendment does not apply as a result of the intra-state nature of the leg of the journey by Peterson Transport, is without merit. The cases clearly show Carmack applies so long as the final leg of the journey is outside of the country. Here, the final destination was Italy, and thus the intra-state challenge fails.

However, Plaintiff and UTi raise for the first time in their oppositions the argument that Carmack does not apply because there is an exception to the jurisdiction of the Board where the transport involves air travel. Notably, this position was not raised at the pre-motion conference, and if so it would have reduced the briefing. Nevertheless, as this matter involved a leg of air travel, it therefore falls within the exception to the authority of the Board to regulate via the Carmack Amendment, leaving federal common law to apply to the case at bar.

1

## UTi's Cross-Claim

UTi's opposition to the fact that its claim letter was untimely is unavailing. First, UTi does not deny that its claim letter was sent June 30, 2006, nor could it as the document itself conclusively establishes the notice was untimely. Instead, UTi attacks the affidavit attaching the letter and Bill of Lading as submitted from an attorney. UTi attacks the motion to dismiss for failing to include a Statement of Material Facts in the event the Court were to convert the motion to one for summary judgment, and alludes to its hope that discovery "may reveal material issues in dispute." Finally, after arguing Carmack does not apply, UTi nevertheless cites to Carmack to argue the nine-month limitation does not apply despite the fact that this Court in *Consolidated Rail* affirmatively addressed this issue and leaves UTi "without a cause of action to "bring" against Peterson Transport. For the reasons set forth below, the above points raised by UTi are without merit.

UTi attacks the use of an attorney affidavit to establish that exhibit C was the actual Bill of Lading used in this matter. Thus, filed along with this reply memorandum is the Affidavit of Bengt Peterson, owner of Peterson Transport. In his affidavit, Mr. Peterson swears under oath that in fact the Bill of Lading attached in Francoeur Declaration Exhibit C is a true and accurate copy of the Bill of Lading used in this matter. (Peterson Affidavit). Mr. Peterson also swears to the UTi claim letter, although UTi chose not to challenge the veracity of its own document. *Id.*

Next, UTi complains that the motion to dismiss for failure to state a cause of action must be dismissed because if the Court considers UTI's own untimely claim letter, then the motion can only be one for summary judgment which cannot be granted without a Statement of Material Facts. While Peterson Transport disagrees that a failure to provide a Statement of Material Facts is required in this situation, one is provided at the end of this reply memorandum.

2

UTi alludes to the possible revelation of facts that contradict the fact that its letter is untimely, and that the Carmack Amendment does not require notice. However, UTi does not dispute the date of the incident (July 5, 2005), and it does not deny that Francoeur Declaration Exhibit D is in fact UTi's own claim letter dated June 30, 2006, effectively resolving the issue.

Further, this Court has held that failure to provide a claim letter within nine months leaves UTi without a cause of action to bring at all

> Unlike a statute of limitations which bars enforcement of a cause of action, this language operates as "condition precedent" to maintaining a suit. In absolving liability rather than restricting its enforcement, the notice requirement prevents accrual of a cause of action absent compliance with its mandates. Therefore, whether or not a carrier brings a suit for freight charges, if a shipper fails to give proper notice of a claim for damages within the proscribed time limits, the shipper has no cause of action to bring.

Thus, there is no magic discovery that can change the reality that its unchallenged claim letter was sent more than 9 months after the incident, and thus UTi has no claim to bring.

UTi tries to distance itself from the Bill of Lading in citing the distinguishable *TNT* case, however this citation actually proves Peterson Transport's point. In *TNT*, the Court found that Anderson could not argue notice was required within nine months because there was no Bill of Lading issued between TNT and Anderson. *Akebono Brake Industry Co., Ltd. v. TNT Freight Express, Inc.*, 1992 WL 183786 at *3. Conversely, in the case at bar UTI was in fact a party to the Bill of Lading and is expressly listed on the document (see Francoeur Declaration Ex. C.). Thus, the nine month limitation applies to UTi as a party to Bill of Lading for the very same reasons that TNT was not entitled to the nine-month requirement.

UTi also attempts to escape its untimely letter by arguing, without authority, that the limitation only applies to shippers. This runs contrary to the precedent of this Court. Simply

3171367.1

put, the Bill of Lading used in this matter incorporates the terms of the ICC-approved Uniform

Straight Bill of Lading, which contains no such limitation.  Instead, the terms of the Uniform

Straight Bill of Lading is broadly defines to include all "suits" and "claims"

> As a condition precedent to recovery, claims must be filed in
> writing with the receiving or delivering carrier…within nine
> months after delivery of the property…, and suits shall be
> instituted against any carrier only within two years and one day
> from the day when notice in writing is given by the carrier to the
> claimant that the carrier has disallowed the claim…Where claims
> are not filed or suits are not instituted thereon in accordance with
> the foregoing provision, no carrier hereunder shall be liable, and
> such claims will not be paid.

*Consolidated Rail Corp. v. Primary Industries Corp*, 868 F. Supp. 566 (SDNY 1994).

Thus, UTi's contention that the nine-months does not apply is unavailing.

Based on the foregoing, it is clear that UTi failed to give notice of its claim against

Peterson within nine months, as required.  As a result, it has "no cause of action to bring", and

the cross-claim should be dismissed.

3171367.1

## **CONCLUSION**

It is respectfully submitted that the foregoing warrants the granting of defendant's motion to dismiss UTI's cross-claim against Peterson Transport.

Dated:  April 3, 2008
        New York, NY

                    Respectfully submitted by:

            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


                        ____s/_____
                        Joseph L. Francoeur (8874)
                        150 East 42nd Street
                        New York, New York 10017
                        Telephone: (212) 490-3000
                        Fax: (212) 490-3038
                        ATTORNEYS FOR DEFENDANT
                        PETERSON TRANSPORT

5

3171367.1

## STATEMENT OF MATERIAL FACTS

1.  UTi's does not have a legal claim against Peterson as it failed to serve a notice of claim within nine months of the incident.

2.  The incident took place on July 5, 2005. (Francoeur Declaration Ex. A).

3.  UTI's notice of claim letter was issued June 30, 2006, more than eleven months after the incident took place. (Francoeur Declaration Ex. D, Peterson Affidavit).

4.  As UTi's letter was untimely, it does not have a cause of action to bring.

6